McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment. Judgment for the defendant. The plaintiff's title is derived by descent from her deceased father, Peter Chilcut. To establish her right in severalty to the land sued for, the record of partition of the lands of Peter Chilcut, made by order of the County Court of Bedford, in a regular proceeding instituted for that purpose in 1835, was offered in evidence.' To the admission of the record, exception was taken, on the ground that it did not appear upon the face of the proceedings, that the commissioners had *371 been sworn, as required by the Act of 1787, ch. 17; and for this omission, the Court held the proceedings in the partition aforesaid to be inoperative to vest the plaintiff with a title in severalty, to the particular tract described in the declaration.
In this the Court erred. The County Court, by the Act of 1787, being possessed of general jurisdiction in cases of partition, the doctrine of the books is, that its proceedings will be presum'ed to be correct, in the absence of proof to the contrary, where they are collaterally brought in question; and this presumption has greater force after a long interval of time, as in the present case, where twenty years have elapsed since the partition was made.
It does not follow, that, in fact, the commissioners were not sworn, from the omission of the report to state that fact upon its face, as is the usaal course. The Act does not require that the fact of the commissioners having been sworn shall be recited in their report, or be made to appear upon the record. And if this exception were taken, on the return of the report, for this cause, it would, perhaps, be held, at this day, that proof aliunde would be admissible, to show that the commissioners had, in fact, been sworn by the person authorized to administer the oath.
But, again: We think this requirement of the Act is merely directory; and the silence of the record in regard to the matter, or the failure to establish the existence of the fact, in any mode, will not effect the validity or effect of the partition, if the substantial requirements of the Statute have been complied with. Such was the doctrine held by this Court, in Bledsoe vs. Wiley, 7 *372 Hump., 507, ia regard to the omission of the commissioners to attach their seals to their report, as directed by the same Statute. See, also, 4 Yer., 166; 2 Hump., 494.
Judgment reversed.